# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY J. CUNNINGHAM, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0125−SMY |
| | ) | |
| CHAPLIN VAUGHN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy J. Cunningham Sr., an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff originally brought claims in case No. 16-1360-MJR. (Doc. 1). On February 8, 2017, the Court determined that the present claim was unrelated to the other claims in that action and severed it into a new case pursuant to *George v. Smith*. (Doc. 1).

Relevant to the instant action, Plaintiff asserts that he is a Christian and requires communion, i.e. unleavened bread and wine, on a regular basis. (Doc. 2, p. 10) (Doc. 2-7). He alleges that Chaplain Vaughn has chosen not to offer communion at Lawrence. *Id.*

**Discussion**

The Court's prior Order severed the following claim into this action:

**Count 7 –** Vaughn substantially burdened Plaintiff's practice of religion in violation of the First Amendment when he denied Plaintiff access to regular communion, a requirement of his Christian beliefs;

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482

2

U.S. 78, 89 (1987)). Legitimate penological interests include the preservation of security in prison, as well as economic concerns. *See Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). When these concerns are raised as justifications by prison officials for their actions that restrict the practice of religion, the Court looks at four factors to determine whether the restriction is constitutional:

> (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns."

*Id.* (citing *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004)).

Here, Plaintiff has alleged that he holds sincere Christian beliefs. He further alleges that he is being denied access to communion, and that it is common knowledge that most Christian sects include communion as part of their services. Based on these facts, Plaintiff has articulated a viable claim, and his case will be permitted to proceed.

## Disposition

**IT IS HEREBY ORDERED** that **Count 7** survives threshold review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Vaughn: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18. 2017**

                                                                   s/STACI M. YANDLE
                                                                     **U.S. District Judge**